IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL STEVEN BENVENGI,     *

    v.     * CIVIL ACTION NO. DKC-13-1192

KATHLEEN GREEN,     *
                                                                       ******

## MEMORANDUM OPINION

On April 22, 2013, Michael Steven Benvengi, filed the instant 28 U.S.C. § 2254 habeas corpus application attacking his conviction for first degree burglary and related offenses entered on January 29, 2013, in the Circuit Court for Baltimore County. ECF No. 1. After examining these papers, the Court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts; see also* 28 U.S.C. § 2254(e)(2). For the reasons that follow, the Petition will be denied without prejudice as unexhausted.

### Procedural History

Petitioner indicates that on January 29, 2013, he entered a guilty to plea to charges of first degree burglary, second degree burglary, and possession with intent to distribute a controlled dangerous substance. ECF No. 1. He was sentenced to an 8 year term of incarceration, with all but 4 years suspended. *Id*. Benvengi did not file an appeal or file a petition for post-conviction relief. He indicates he filed a Motion for Modification and/or Reduction of Sentence and a request for drug treatment which remain pending. *Id*.

When filing a federal habeas corpus application under 28 U.S.C. § 2254, a petitioner must show that all of his claims have been presented to the state courts. *See* 28 U.S.C. § 2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it.

For a person convicted of a criminal offense in Maryland this may be accomplished either on direct appeal or in post-conviction proceedings. To exhaust a claim through post-conviction proceedings, it must be raised in a petition filed in the Circuit Court and in an application for leave to appeal to the Court of Special Appeals. *See* Md. Code Ann., Crim. Pro. Art., §§ 7-101-7-301 and § 7-109. If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. *See Sherman v. State*, 593 A. 2d 670, 670-71 91991). If, however, the application is granted but relief on the merits of the claim is denied, the petitioner must seek certiorari to the Court of Appeals. *See Grayson v. State,* 728 A.2d 1280, 84085 (1999). Benvengi has not yet begun, much less completed, post-conviction review and his petition here shall be dismissed without prejudice as unexhausted, to allow him to refile this case after completion of state remedies.

Benvengi is advised that the Antiterrorism and Effective Death Penalty Act of 1996 amended 28 U.S.C. § 2244 to impose a one-year filing deadline on state prisoners filing applications for a writ of habeas corpus in federal court.[1] Should he wish to refile this petition

---

[1]This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims

once he has exhausted his available state court remedies, Benvengi should take care not to miss this deadline.

A habeas petitioner has no absolute entitlement to appeal a district court's denial of his motion. *See* 28 U.S.C. § 2253(c) (1). A certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253 (c) (2). When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid clam of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel,* 529 U.S. 473, 484 (2000)). The court will not issue a COA because Petitioner has not made the requisite showing.

A separate order follows.

Date:   May 16, 2013                                         /s/
                 DEBORAH K. CHASANOW
                 United States District Judge

---

    presented could have been discovered through the exercise of due diligence.

(2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.